```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

HELEN STEELE,                    :       NO: 1-11-CV-644
                                 :
    Plaintiff,                  :
                                 :       **OPINION AND ORDER**
  v.                             :       **GRANTING MOTION TO HOLD**
                                 :       **CASE IN ABEYANCE**
ARCHDIOCESE OF CINCINNATI,       :
                                 :
    Defendant.                  :

This matter comes before the Court on Defendant Archdiocese of Cincinnati's Motion to Hold Case in Abeyance (doc. 6), to which Plaintiff has not objected. For the reasons set forth below, Defendant's motion is hereby GRANTED.

At issue is whether Plaintiff, once a teacher's aide in the preschool program at St. Veronica School, an Archdiocese of Cincinnati affiliated school, would be covered by the "ministerial" employee exception doctrine. If so, we would be without subject matter jurisdiction to hear her various discrimination claims, as well as one asserting a violation of her rights under the Family and Medical Leave Act, "'based on the [Archdiocese's] constitutional right to be free from judicial interference in the selection of those employees.'" E.E.O.C. v. Hosanna-Tabor Evangelical Lutheran Church and School, 597 F.3d 769, 777 (6th Cir. 2010) (quoting Hollins v. Methodist Healthcare, Inc., 474 F.3d 223, 225 (6th Cir. 2007)). Notably, the Supreme Court granted certiorari in Hosanna-Tabor on March 28, 2011.

This Court has on its docket another employment matter

involving a former technology coordinator for St. Lawrence and Holy Family Schools, both affiliated with the Archdiocese of Cincinnati as is St. Veronica School. Dias v. Archdiocese of Cincinnati, et al., Case No. 1:11-CV-00251. In that action, Plaintiff alleges federal and state law claims for pregnancy discrimination and a claim for breach of employment contract (No. 1:11-CV-251, Complaint, Counts I-III at 6-8 (doc. 1)). Plaintiff told Defendants that she was pregnant as a result of artificial insemination (No. 1:11-CV-251, Complaint ¶ 13 (doc. 1)), and Defendants, in turn, terminated her employment for failure to comply and act consistently with the stated philosophy and teachings of the Roman Catholic Church (No. 1:11-CV-251, Complaint ¶ 18 (doc. 1)). All parties agree that the Catholic Church considers artificial insemination to be immoral. During oral argument in the hearing on Defendants' Motion to Dismiss (No. 1:11-CV-251, doc. 5)), Plaintiff's counsel read into the record the question presented in Hosanna-Tabor as described by the Supreme Court:

> The federal courts of appeals have long recognized the ministerial exception of First Amendment doctrine that bars most employment-related lawsuits brought against religious organizations by employees performing religious functions. The circuits are in complete agreement about the core applications of this doctrine to pastors, priests, and rabbis, but they are evenly divided over the boundaries of the ministerial exception when applied to other employees. . . . The question presented is whether the ministerial exception applies to <u>a teacher</u> at a religious elementary school <u>who teaches the full secular curriculum but also teaches daily religion classes, is a commissioned minister, and regularly leads students in prayer and worship</u>.

(Emphasis ours.)  We concluded that the high court's forthcoming answer to the question presented could impact the parameters of the "ministerial" employee exception doctrine, and thus ordered that the Defendants' motion in Dias be held in abeyance pending the Supreme Court's decision (No. 1:11-CV-251, Opinion and Order (doc. 13 at 4)).

The Archdiocese of Cincinnati seeks the same result here. In this regard, we seriously question whether a teacher's aide in a preschool program falls within the "ministerial" exception.  But because the greater issue at bar is subject matter jurisdiction, see Hosanna-Tabor, 597 F.3d at 775 (Sixth and Seventh Circuits interpret "ministerial" exception as jurisdictional under Fed. R. Civ. P. 12(b)(1)), out of an abundance of caution we find it appropriate to hold this matter, too, in abeyance pending the Supreme Court's decision.  Once released, the Court requests the parties to brief its application to this case.

Accordingly, this case is hereby HELD IN ABEYANCE pending release of the Supreme Court's forthcoming opinion in E.E.O.C. v. Hosanna-Tabor Evangelical Lutheran Church and School, 597 F.3d 769 (6th Cir. 2010), petition for cert. granted, 131 S.Ct. 1793 (Mar. 28, 2011).

SO ORDERED.

Dated: December 22, 2011          /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge